## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

| | |
|---|---|
| UNILEVER PLC, | |
| *Plaintiff,* | Civil Action No.: _____ |
| v. | |
| TECHNOPHARMA LIMITED, | |
| *Defendant.* | |

## COMPLAINT

Plaintiff, Unilever Plc, by and through its counsel, ANDREWS KURTH KENYON LLP, for its *Complaint* against Defendant, Technopharma Limited, alleges upon knowledge as to its own acts and upon information and belief as to the acts of others as follows:

### Nature of Action and Subject Matter Jurisdiction

1.  Through this action Unilever seeks review of a decision of the Trademark Trial and Appeal Board of the U.S. Patent and Trademark Office pursuant to 15 U.S.C. § 1071(b) and also seeks declaratory judgment on one or more actual controversies pursuant 28 U.S.C. §§ 2201 and 2202.

2.  Subject matter jurisdiction over this action is conferred upon this Court pursuant to 28 U.S.C. §§ 2201 and 2202, because it involves a request for declaratory judgment in a case of actual controversy, and also pursuant to 28 U.S.C. §§ 1331, 1338, and 1367, because it concerns federally registered trademarks or the right to register trademarks on the federal registry.

**The Parties**

3.      Plaintiff, Unilever Plc, is a public limited company organized under the laws of the United Kingdom and having a place of business at Port Sunlight, Wirral, Merseyside, United Kingdom CH624ZD.

4.      Defendant, Technopharma Limited, is a company organized under the laws of the United Kingdom and having a place of business at Regent House, 316 Beulah Hill, London, United Kingdom SE19 3HF.


**Personal Jurisdiction and Venue**

5.      This Court has jurisdiction over Technopharma and venue is properly laid in the Eastern District of Virginia pursuant to 28 U.S.C. §1391(b) and (c)  and 15 U.S.C. §1071(b) in that, on information and belief, Technopharma (i) has purposefully availed itself of the privileges and benefits of doing business in the district, including by regularly transacting business in and earning revenue from this district; (ii) is not resident in the United States and thus may be sued in any judicial district and by statute in this judicial district as an appeal from the Trademark Trial and Appeal Board; or (iii) is a resident in the United States and may be considered to reside here.


**Factual Background**

**A.      The Parties**

6.      Unilever is an international consumer products company and one of the world's largest companies overall. Among the products Unilever sells is FAIR

& LOVELY skin creams and lotions, a brand that was started in India in the mid- to late-1970s and today is the world's best-selling branded lightening preparation, generating worldwide sales of roughly $300 million a year.

7.     In January 2013, Unilever filed two federal trademark applications (Serial Nos. 85818836 and 85818821) to register its FAIR & LOVELY marks for an assortment of goods.  When it filed its applications, Unilever thought it likely that Technopharma would oppose registration.  Thus, concurrent with filing its applications, Unilever also filed a cancellation proceeding before the Trademark Trial and Appeal Board (Cancellation No. 92056654) ("the Cancellation Action") against Technopharma's federal trademark registration for the mark NEW YORK FAIR AND LOVELY (U.S. Reg. No. 3071686).

8.     Technopharma is based in the United Kingdom and owns and licenses certain trademarks for use by third parties, including NEW YORK FAIR AND LOVELY.  Technopharma claims to have used that mark on products sold in the United States through distributors beginning in November 2005.

9.     Technopharma's first distributor was a third-party named Afra, which supposedly held the exclusive right to distribute NEW YORK FAIR AND LOVELY products in the United States until early 2009.  During the period of Afra's alleged distributorship, goods were manufactured by a Lebanese entity called Sopex and then shipped to Afra and invoiced through a factoring company called Choice of Nature.  After Technopharma's relationship with Afra ended, a company called the Mitchell Group took over as exclusive distributor and allegedly continued to receive product from Sopex through

Choice of Nature.  Technopharma, Choice of Nature, and the Mitchell Group are all related companies, with Michel Farah, Technopharma's principle, acting as an officer, manager, or director of each company.

**B.     The Trademark Registration at Issue**

10.     At issue in the Cancellation Action was U.S. Registration No. 3071686 for the mark NEW YORK FAIR AND LOVELY.  Technopharma (then known as Peter Nailsworth (Pharmaceutical Products) Limited) filed the underlying trademark application on November 22, 2002, claiming a *bona fide* intent to use the subject mark in interstate commerce for all listed goods.

11.     The application was assigned Serial No. 78188257, and the Trademark Office allowed it on June 29, 2004.  As allowed, and as specified in the Notice of Allowance issued by the Trademark Office, the application covered "*skin soaps, skin cleansers, cosmetics, perfume and cologne, hair lotions and dentifrices*" (in International Class 3) and "*medicated skin creams, medicated skin lotions and medicated shampoos*" (in International Class 5).

12.     On December 28, 2005, Technopharma filed a Statement of Use through which it claimed that it was using the NEW YORK FAIR AND LOVELY mark for all of the goods listed in the Notice of Allowance, and that it supposedly had been doing so since November 30, 2005.  Mr. Farah was directly involved in the preparation and filing of the December 2005 Statement of Use, as was Technopharma's counsel.  Mr. Farah has since admitted in the Cancellation Action, however, that the representation that Technopharma was using the mark with all of the allowed goods was untrue.

As it turns out, Technopharma was not using (and has never used) the mark with fully half of the goods listed in the Notice of Allowance.

13.    The specimens Technopharma submitted to the Trademark Office as proof of its use were also not what Technopharma said they were.  Technopharma said it was submitting scanned images of the boxes used to package three of its products—specifically, an 80 gram bar of soap, a "gel," and a 50 gram tube of "litening cream."  In reality, however, those boxes did not match the physical packaging that Technopharma's supplier (Sopex) was using in production.  Rather, what Technopharma filed with the Trademark Office were empty, pre-production packaging mock-ups, not boxes for goods as sold in commerce.

14.    Both Technopharma and its counsel were aware that the December 2005 "specimens" did not depict actual products being sold in the United States at that time.  Nonetheless, Technopharma (who was involved in disputes with Unilever worldwide and wanted to obtain leverage) claimed "use" anyway.

15.    Relying on the above false representations as to "use," the Trademark Office granted Technopharma Registration No. 3071686 for the mark NEW YORK FAIR AND LOVELY on March 21, 2006, covering all of the listed goods.

**C.**    **The May 2011 Declaration of Continued Use**

16.    In May 2011, Technopharma filed a Declaration of Continued Use and Incontestability in the Trademark Office to maintain the NEW YORK FAIR AND LOVELY registration.  In that filing, Technopharma deleted the goods it now admits were never sold, but claimed that the mark was nonetheless supposedly being used for all of the remaining goods.

17.   As support, Technopharma submitted what it represented were "[d]igital images of product packaging" that supposedly showed current use of the NEW YORK FAIR AND LOVELY mark in commerce.  Again, though, most of Technopharma's statements were untrue, and its "specimens" were not real.

18.   The "digital images" Technopharma submitted in May 2011 were the same images it used in December 2005.  That is, Technopharma literally took the same electronic images it created more than five years earlier (and which, as discussed, did not even show the boxes and products used at that time) and resubmitted them under the guise of showing "current use" as of May 2011.

19.   Furthermore, the digital images submitted in May 2011 (which, as discussed, were actually created in or before December 2005) were of boxes for products that Technopharma was not even selling in interstate commerce.  Also, the boxes depicted in those images did not match up with the actual, physical boxes that Sopex was supposedly supplying to Technopharma at that time.

20.   As a result, and to put it simply, the images Technopharma submitted in May 2011 did not accurately depict any product that Registrant ever sold in the United States at any time.  They were therefore not "specimens" at all.

21.   Furthermore, Technopharma had stopped selling certain NEW YORK FAIR AND LOVELY goods in interstate commerce prior to May 2011.

22.   Both Technopharma and its counsel knew that the May 2011 "specimens" did not depict actual products being sold in this country at that time.  They also knew that Technopharma was not then selling all of the goods for which they

were seeking (through the filing of the Declaration of Continued Use) to maintain the registration.  Nonetheless, Technopharma claimed "use" anyway.

23.      Relying on Technopharma's above false representation as to its supposed continued "use," the Trademark Office accepted its May 2011 filing on face value and has since maintained the NEW YORK FAIR AND LOVELY registration as a "live" mark in official Office records.  The Trademark Office also improperly acknowledged the registration as being "incontestable."

**D.      Technopharma's Lack of Lawful Use**

24.      Technopharma claims to have used the NEW YORK FAIR AND LOVELY mark in commerce for or in connection with the sale of a variety of cosmetic products.  All such sales, however, would have been unlawful because the product labels did not comply with the Food, Drug, and Cosmetics Act.

25.      As such, any sale of those mislabeled products could not have evidenced lawful "use in commerce" in support of a federal trademark registration.

26.      Furthermore, Technopharma stopped using the NEW YORK FAIR AND LOVELY mark for certain goods sold in the United States in or (long) before May 2011.  For example, Technopharma stopped selling "soap" in 2010.

27.      Eventually, by no later than August 2012, Technopharma had stopped using the NEW YORK FAIR AND LOVELY mark with any goods sold or provided in commerce, and at that time had no intention to resume such use.

28.      During the time Technopharma had abandoned its NEW YORK FAIR AND LOVELY mark, Unilever applied to register its FAIR & LOVELY marks.

**E.      Unilever's Use of the FAIR & LOVELY Mark**

29.     Unilever uses the FAIR & LOVELY marks worldwide for an assortment of skin creams and lotions, and has been doing so since the mid- to late-1970s.

30.     Unilever is using the mark in interstate commerce in connection with some or all of the goods listed in the FAIR & LOVELY applications.

31.     In April 2014, the Trademark Office allowed Unilever's trademark applications for its FAIR & LOVELY marks to publish, which is one of the final steps before registration.  During the application process, the Trademark Office attorney responsible for examining the applications stated that he had searched the Office's database of registered marks but found "no conflicting marks that would bar registration" based on a likelihood of confusion.

32.     Nonetheless, Technopharma has opposed the registration of Unilever's FAIR & LOVELY applications based on Technopharma's claim of rights in NEW YORK FAIR AND LOVELY.  Specifically, in Opposition No. 91216999 ("the FAIR & LOVELY Opposition"), Technopharma has taken the position before the Trademark Trial and Appeal Board that Unilever's use of the FAIR & LOVELY marks for any of the goods listed in its applications would be "likely to cause confusion or mistake or to deceive, and will deceive and mislead the trade and the purchasing public into believing that [Technopharma] is the source of [Unilever's] [g]oods, that [Technopharma] sponsors, approves or endorses [Unilever's] [g]oods, that [Unilever] is authorized, licensed or controlled by [Technopharma], or that [Unilever] is a division or subsidiary of, or in some way related to [Technopharma.]"

33. Technopharma has also alleged in the FAIR & LOVELY Opposition that if Unilever uses its FAIR & LOVELY marks with any of the listed goods, "confusion in trade and dilution of the distinctive quality of [Technopharma's] NEW YORK FAIR [AND] LOVELY mark resulting in damage and injury to [Technopharma] would be caused and would result by reason of the confusingly similar nature of [the FAIR AND LOVELY] and … NEW YORK FAIR [AND] LOVELY mark[s].   Furthermore, any misrepresentation, objection or fault found with [Unilever's] [g]oods promoted or sold under [the FAIR & LOVELY] mark would necessarily reflect on and seriously injure the reputation that [Technopharma] has established through its long and continuous use of its NEW YORK FAIR [AND] LOVELY mark."

34. In view of the above, Unilever has a real apprehension that Technopharma may take action in the immediate future to impede Unilever's ability to use its FAIR & LOVELY marks or to expand its sales of goods in this county.

## F.  The Board's Decision

35. On January 20, 2017, the Trademark Trial and Appeal Board issued a non-precedential decision dismissing the Cancellation Action.  A true and correct copy of the Trademark Trial and Appeal Board's January 20 Decision is attached hereto as Exhibit "A."

36. Unilever respectfully submits that the January 20 Decision of the Trademark Trial and Appeal Board in favor of Technopharma was erroneous in many respects, both as to the relevant law and applicable facts.

37. Pursuant to 15 U.S.C. § 1071(b), Unilever seeks review of that decision.

## COUNT I

### REQUEST FOR REVIEW AND REVERSAL
### UNDER SECTION 21 OF THE LANHAM ACT (15 U.S.C. § 1071(b))

38.     Unilever repeats here the allegations made in Paragraph 1-37 above.

39.     The January 20, 2017 decision of the Trademark Trial and Appeal Board is a final decision subject to review by a federal district court pursuant to Section 21(b) of the Lanham Act (15 U.S.C. § 1071(b)).

40.     Unilever is dissatisfied with the January 20 Decision, which was erroneous both with respect to the relevant law and certain applicable facts.

41.     Unilever seeks recourse by this civil action under Section 21(b) of the Lanham Act for (i) reversal of the January 20 Decision and (ii) the cancellation of U.S. Reg. No. 3071686 (NEW YORK FAIR AND LOVELY).

42.     Unilever submits that cancellation or restriction of U.S. Reg. No. 3071686 is warranted on one or more of the following grounds:

    (1)     Technopharma committed fraud on the Trademark Office when it submitted its Declaration of Use in December 2005;

    (2)     Technopharma committed fraud on the Trademark Office when it submitted its Declaration of Continued Use in May 2011;

    (3)     Technopharma abandoned its "registered mark" in May 2011 (and by no later than March 2012) when it failed to submit a proper Declaration of Continued Use within the prescribed time;

    (4)     Technopharma's NEW YORK FAIR AND LOVELY registration expired as a matter of law on March 21, 2012, the sixth anniversary of its registration date, because Technopharma failed to submit a proper Declaration of Continued Use within the prescribed time in support of the registration; and

(5)     Technopharma abandoned the NEW YORK FAIR AND LOVELY
        mark for certain goods in or (long) before May 2011, and ceased
        using the mark for all covered goods by no later than August 2012,
        all without an intent to resume use.   Subsequent to
        Technopharma's abandonment, and prior to any resumption of use,
        Unilever applied to register its FAIR & LOVELY marks, which
        marks Technopharma contends is supposedly confusingly similar
        to the NEW YORK FAIR AND LOVELY mark.

43.     This Court should therefore order the cancellation of U.S. Reg. No. 3071686.

## COUNT II

### REQUEST TO RECTIFY THE REGISTER
### UNDER SECTION 37 OF THE LANHAM ACT (15 U.S.C. § 1119)
### (To Note the Expiration of U.S. Reg. No. 3071686)

44.     Unilever repeats here the allegations made in Paragraphs 1-37 above.

45.     Section 8 of the Lanham Act (15 U.S.C. § 1058(a)) requires that the owner of

        a federal trademark registration file an affidavit (or declaration) of continued

        use between the fifth and sixth years following the registration date.  To be

        proper, that filing must meet all of the requirements Congress set forth in the

        statute, including that it be accompanied by "specimens or facsimiles showing

        current use of the mark in commerce[.]" 15 USC § 1058(b)(1)(C).

46.     If the trademark owner fails to file a proper affidavit or declaration within the

        prescribed time, the Lanham Act specifies that the registration will expire as a

        matter of law and "shall be" cancelled by the Office. 15 USC § 1058(a).

47.     The Declaration of Continued Use Technopharma filed in May 2011 did not

        satisfy the statutory requirements.  Among other things, Technopharma  did

        not submit specimens showing "current use" of the mark as of the filing of the

        Declaration, as Section 8 requires.  *Cf.* 15 U.S.C. § 1058(b)(3).

48. Because Technopharma failed to submit a proper declaration of continued use in support of its NEW YORK FAIR AND LOVELY registration within the prescribed time, the registration automatically expired on the six-year anniversary of its registration date. *See* 15 U.S.C. § 1058(a); 37 C.F.R. § 2.160; *see also Land O' Lakes, Inc. v. Hugunin*, 88 U.S.P.Q.2d 1957, 1959 (TTAB 2008) (the date a registration is considered to have expired for failure to file a proper Declaration of Continued Use is set by Congressional statute and "is not dependent on the date the Office [undertakes] the ministerial function of entering the cancellation into the USPTO database").

49. Under Section 37 of the Lanham Act (15 U.S.C. § 1119), a federal court has the authority, in any action involving a registered mark, to "order the cancelation of registrations, in whole or in part, … and otherwise rectify the register with respect to the registrations of any party to the action."

50. This Court should order that the Trademark Office rectify the register and update its records to reflect that U.S. Reg. No. 3071686 <u>expired</u> by operation of law on March 21, 2012, the sixth anniversary of its registration date.

## COUNT III

### REQUEST TO RECTIFY THE REGISTER
### UNDER SECTION 37 OF THE LANHAM ACT (15 U.S.C. § 1119)
### (To Restrict the Scope of Goods of U.S. Reg. No. 3071686)

51. Unilever repeats here the allegations made in Paragraph 1-37 above.

52. Section 8 of the Lanham Act (15 U.S.C. § 1058(a)) provides that a federal trademark registration may only be maintained for those goods listed in the

registration with which the trademark owner is still making lawful use of the mark in commerce at the time of the filing of a declaration of continued use.

53.    Where a registered mark is no longer being lawfully used for certain goods listed in the registration, "the registration needs to be restricted to reflect commercial reality."  *In re Bose Corp.*, 580 F.3d 1240, 1247 (Fed. Cir. 2009).

54.    As noted *supra*, Technopharma was not making lawful use of the NEW YORK FAIR AND LOVELY mark for any of the goods listed in the registration as of May 2011 (when it filed its Declaration of Continued Use).

55.    Under Section 37 of the Lanham Act (15 U.S.C. § 1119), a federal court has the authority, in any action involving a registered mark, to "order the cancelation of registrations, in whole or in part, … and otherwise rectify the register with respect to the registrations of any party to the action."

56.    This Court should order that the Trademark Office rectify the register and restrict the scope of goods covered by U.S. Reg. No. 3071686 to reflect only those goods (if any) for which Technopharma was making lawful use of the NEW YORK FAIR AND LOVELY mark as of May 2011.

## COUNT IV

**REQUEST FOR DECLARATORY JUDGMENT**
**OF TRADEMARK EXPIRATION**
**(U.S. Reg. No. 3071686)**

57.    Unilever repeats here the allegations made in Paragraph 1-37 above.

58.    This is a claim for declaratory judgment under 28 U.S.C. §§ 2201 and 2202.

59.    Section 8 of the Lanham Act (15 U.S.C. § 1058(a)) requires that the owner of a federal trademark registration file an affidavit (or declaration) of continued use between the fifth and sixth years following the registration date.  To be proper, that filing must meet all of the requirements Congress set forth in the statute, including that it be accompanied by "specimens or facsimiles showing current use of the mark in commerce[.]" 15 USC § 1058(b)(1)(C).

60.    If the trademark owner fails to file a proper affidavit or declaration within the prescribed time, the Lanham Act specifies that the registration will expire as a matter of law and "shall be" cancelled by the Office. 15 USC § 1058(a).

61.    The Declaration of Continued Use Technopharma filed in May 2011 failed to satisfy these statutory requirements.   Among other things, Technopharma failed to submit specimens showing "current use" of the mark as of the filing of the Declaration, as Section 8 requires.  *Cf.* 15 U.S.C. § 1058(b)(3).

62.    Because Technopharma failed to submit a proper declaration of continued use in support of its NEW YORK FAIR AND LOVELY registration within the prescribed time, the registration automatically expired on the six-year anniversary of its registration date.  *See* 15 U.S.C. § 1058(a); 37 C.F.R. § 2.160; *see also Land O' Lakes, Inc. v. Hugunin*, 88 U.S.P.Q.2d 1957, 1959 (TTAB 2008) (the date a registration is considered to have expired for failure to file a proper Declaration of Continued Use is set by Congressional statute and "is not dependent on the date the Office [undertakes] the ministerial function of entering the cancellation into the USPTO database").

63.    U.S. Reg. No. 3071686 therefore expired on **March 21, 2012**.

64.    Despite the above, Technopharma is relying on U.S. Reg. No. 3071686 in the
FAIR & LOVELY Opposition as a basis for opposing Unilever's applications.
Such actions have harmed and are continuing to harm Unilever.

65.    Unilever thus seeks a declaration from this Court that U.S. Reg. No. 3071686
expired as a matter of law on March 21, 2012, its sixth-year anniversary date,
because of Technopharma's failure to maintain the registration in accordance
with the provisions of Section 8 of the Lanham Act.


**COUNT V**

**REQUEST FOR DECLARATORY JUDGMENT**
**OF NO TRADEMARK INFRINGEMENT**
**(Under Federal Law)**

66.    Unilever repeats here the allegations made in Paragraph 1-37 above.

67.    This is a claim for declaratory judgment under 28 U.S.C. §§ 2201 and 2202.

68.    In the FAIR & LOVELY Opposition, Technopharma has asserted, among
other things, that Unilever's use of its FAIR & LOVELY marks for any of the
goods listed in Unilever's applications would be "likely to cause confusion or
mistake or to deceive, and will deceive and mislead the trade and the
purchasing public into believing that [Technopharma] is the source of
[Unilever's] [g]oods, that [Technopharma] sponsors, approves or endorses
[Unilever's] [g]oods, that [Unilever] is authorized, licensed or controlled by
[Technopharma], or that [Unilever] is a division or subsidiary of, or in some
way related to [Technopharma]," and that if Unilever were to use its marks for
such goods "confusion in trade and dilution of the distinctive quality of

[Technopharma's] NEW YORK FAIR [AND] LOVELY mark resulting in damage and injury to [Technopharma] would be caused and would result by reason of the confusingly similar nature of [the FAIR & LOVELY] and … NEW YORK FAIR [AND] LOVELY mark[s]."

69.   Section 32(1) of the Lanham Act (15 U.S.C. § 1114(1)) provides that no person may use a "reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive."

70.   Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)) provides that no person may use "any word, term, name, symbol, or device, or any combination thereof, …. which … is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person[.]"

71.   By alleging that the FAIR & LOVELY and NEW YORK FAIR AND LOVELY marks are supposedly "confusingly similar," and that "confusion" would likely result from Unilever's use of its FAIR & LOVELY marks for a variety of goods (contentions with which Unilever notably disagrees), Technopharma is making the claim that sales of goods by Unilever under its FAIR & LOVELY marks is likely to violate federal trademark law.

72.   As a result of the foregoing facts, there is a real, substantial, and continuing justiciable controversy between Unilever and Technopharma as to Unilever's

liability for alleged infringement of U.S. Reg. No. 3071686.  Technopharma's actions have created in Unilever a reasonable apprehension of irreparable harm and loss resulting from Technopharma's actions.

73.     Notwithstanding the allegations Technopharma has made in the FAIR & LOVELY Opposition, the sale of products by Unilever under its FAIR & LOVELY marks is not likely to cause confusion or mistake, or to deceive, as to the affiliation, connection, or association of Unilever or its FAIR & LOVELY products with Technopharma or its purported  NEW YORK FAIR AND LOVELY products, or as to the origin, sponsorship, or approval by Technopharma of the FAIR & LOVELY products.

74.     The sale of products by Unilever under its FAIR & LOVELY marks is not likely to cause confusion or mistake, or to deceive, as to the affiliation, connection, or association of Technopharma or its purported NEW YORK FAIR AND LOVELY products with Unilever or its FAIR & LOVELY products, or as to the origin, sponsorship, or approval by Unilever of the purported NEW YORK FAIR AND LOVELY products.

75.     Accordingly, Unilever seeks a declaration that its use of its FAIR & LOVELY marks in connection with the sale of goods identified in U.S. Serial Nos. 85818821 and 85818836 does not infringe any valid rights that Technopharma claims to have in the NEW YORK FAIR AND LOVELY mark, including any rights represented by U.S. Reg. No. 3071686, or any rights that may exist under a state registration system or under the common law.

## PRAYER FOR RELIEF

WHEREFORE, Unilever Plc respectfully prays that this Court enter judgment for Unilever on the asserted counts, and that it issue the following orders and declarations:

A.      An Order directing the Director of the U.S. Patent and Trademark Office to rectify the register and update Trademark Office records to reflect that U.S. Reg. No. 3071686 expired by operation of law on March 21, 2012, the sixth anniversary of its registration date;

B.      An Order in the alternative directing the Director of the U.S. Patent and Trademark Office to affirmatively cancel U.S. Reg. No. 3071686;

C.      An Order in the alternative directing the Director of the U.S. Patent and Trademark Office to rectify the register and restrict the scope of goods covered by U.S. Reg. No. 3071686 to reflect only those goods (if any) for which Technopharma was making lawful use of the NEW YORK FAIR AND LOVELY mark as of May 2011.

D.      A Declaration that the sale of goods identified in U.S. Appl. Ser. Nos. 85818821 and 85818836  under Unilever's FAIR & LOVELY marks does not infringe any valid rights that Technopharma Limited claims to have in the NEW YORK FAIR AND LOVELY mark, including any rights represented by U.S. Reg. No. 3071686, or any rights that may exist under a state registration system or under the common law; and

E.      An Order awarding Unilever such other and further relief as this Court

may deem just and proper.

**JURY DEMAND**

Pursuant to Fed. R. Civ. P. 38, Unilever respectfully demands a trial by jury of any and

all issues which are properly triable to a jury in the above-captioned action.

                                              Respectfully submitted,

Dated: March 24, 2017                 **ANDREWS KURTH KENYON LLP**


                                      /s/ Erik C. Kane
                                      Erik C. Kane (VSB #68294)
                                      William M. Merone (VSB #38861)
                                      1350 I Street, NW; Suite 1100
                                      Washington, D.C. 20005
                                      Tel.: 202.662.3041
                                      Fax: 202.662.2739
                                      Email: ekane@kenyon.com
                                              wmerone@kenyon.com

*Of Counsel:*
Jonathan D. Reichman*
Jeremy S. Boczko*
Andrews Kurth Kenyon LLP
One Broadway
New York, N.Y. 10004-1007
Tel.: 212.908.6331
Fax: 212.425.5288
Email: jreichman@kenyon.com
        jboczko@kenyon.com

*to apply *pro hac vice*


                                      *Attorneys for Plaintiff*
                                      *Unilever Plc*